

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Claudinei Vieira | : | |
| 7954 Langdon St | : | |
| Philadelphia, PA 19111 | : | CASE NO. 16  1743 |
| | : | COMPLAINT |
| Plaintiff, | : | |
| v. | : | |
| Cavalry SPV I, LLC | : | |
| 500 Summit Lake Drive Suite 400 | : | |
| Westchester, NY 10595 | : | **JURY TRIAL DEMANDED** |
| | : | |
| Apothaker Scian P.C. | : | |
| 520 Fellowship Road Suite C306 | : | |
| P.O. Box 5496 | : | |
| Mt. Laurel, NJ 08054 | : | |
| Defendants. | : | |
| | : | |

## COMPLAINT

### I.   PRELIMINARY STATEMENT

1. This is an action for damages brought by a consumer pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"), the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. §2270.1 *et seq.* ("FCEUA"), and the Pennsylvania Unfair Trade Practices Consumer Protection Law ("CPL"), 73 P.S. § 201-1 et seq.. The FCEUA states that "it shall constitute an unfair or deceptive debt collection act or practice under this act if a debt collector violates any of the provisions of the Fair Debt Collection Practices Act." 73 P.S. §2270.4(a).

1

2. The FDCPA prohibits collectors from engaging in deceptive and unfair practices in the collection of consumer debt. 15 U.S.C. § 1692e. Violation of the Pennsylvania Rules of Civil Procedure may be a "'deceptive means to collect or attempt to collect [a] debt. 15 U.S.C. § 1692e(10).'" *Rice v. Grimm Bros. Realty Co.* (E.D. Pa., 2016).

3. Defendant is subject to strict liability for any debt collection practice which violates the provisions of the FDCPA.

## II.    PARTIES

4. Plaintiff Claudinei Vieira is a consumer who resides in Philadelphia, Pennsylvania at the address captioned above.

5. Defendant Cavalry SPV I, LLC ("Cavalry") is a debt collection agency with a principal place of business at the above-captioned address. Defendant Apothaker Scian, P.C., ("AS") is a law firm with a principal place of business at the above-captioned address.

6. Defendants regularly use the mail and telephone to attempt to collect consumer debts alleged due another.

7. Cavalry and AS are debt collectors within the meaning of 15 U.S.C. §1692a(6).

8. Defendants regularly attempt to collect debts in, and do business in, this district.

## III. JURISDICTION

9. Subject matter jurisdiction of this Court arises under 15 U.S.C. § 1692k, actionable through 28 U.S.C. §§ 1331 and 1337.

## IV. STATEMENT OF CLAIM

10. On April 27, 2015, Defendants resolved a civil action in Philadelphia Municipal Court against Plaintiff to recover an amount allegedly owed in connection with a consumer debt, incorporating and reiterating their previous communications in that resolution ("State Court Action"). Defendant AS represented Cavalry in the State Court Action. A complete copy of the court documents for the State Court Action letter is attached hereto as Exhibit "A."

11. The State Court Action was filed to collect an alleged debt which was primarily for personal, family, or household use, as required by 15 U.S.C. 1692(a)(5).

2

12. Defendants' State Court Action complaint was a "communication directed at" the Plaintiff "in an attempt to collect on" an alleged debt and, thus, subject to the Fair Debt Collection Practices Act. *Kaymark ex rel. Current v. Bank of Am., N.A.* (3rd Cir., 2015).

13. Defendants attached item marked as an Exhibit in the State Court Action.  In the Philadelphia Municipal Court electronic filing system, this exhibit was marked "stmt - XXX376" (line item 7 of the electronic docket in the State Court Action, attached hereto as Exhibit B).

14. Visible in this docket entry is the account number which AS assigned to Plaintiff's account.

15. The account number (ending in 376) constitutes personal identifying information, the disclosure of which infringes upon the Plaintiff's privacy interests protected by the FDCPA, 15 U.S.C. §1692(a).

16. The disclosure of personal identifying information such as an "account number is impermissible language or symbols under § 1692f(8)." *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 306 (3rd Cir., 2014).

17.  Defendants claimed that Cavalry is an "ASSIGNEE OF CAPITAL ONE BANK (USA), N.A" (¶1, State Court Action).

18. Where there is "reference to a sale or an assignment" in a communication to a debtor, there is the "potential for confusion as to who owned the debt." *Hammett v. Allianceone Receivables Mgmt. Inc.* (E.D. Pa., 2011).

19. Defendants' complaint fails to identify the creditor to the least sophisticated consumer, whether Cavalry SPV I or Capital One.

20. The word 'assignee' is vague to the least sophisticated consumer.  "It could mean that (1) Defendant has purchased and continues to own the debt or (2) an unidentified owner of the debt has retained Defendant for the purpose of collecting the debt." *Dewees v. Legal Servicing, LLC*, 506 F.Supp.2d 128, 133 (E.D.N.Y., 2007).

21.  Defendants' complaint says that Defendant Cavalry was "the Assignee *and Successor in Interest* of a credit account ("Account")." (¶5, State Court Action, emphasis added).  This

3

further confuses the matter, implying that Assignee and Successor in Interest are different forms of ownership.

21. Defendants' further allegation that Plaintiff's "was *issued* to Defendant by Capital One Bank (USA), N.A., the original creditor."" (¶5, State Court Action, emphasis added) implies than an issuance of the debt "is different from an 'assignment' of the debt." *Dewees v. Legal Servicing, LLC*, 506 F.Supp.2d 128, 133 (E.D.N.Y., 2007).

22. Defendants complaint was misleading to the least sophisticated consumer as to the identity of the creditor and the precise legal status of Plaintiff's alleged debt.

23. Further, there was no writing attached to the State Court Action which showed any evidence of the assignment which the Defendants stipulated was the legal basis for their action against the Plaintiff.

24. Rule 1019(i) of the Pennsylvania Rules of Civil Procedure requires that "where a claim or defense is based upon a writing, the pleader shall attach a copy of the writing, or the material part thereof."

25. The Pennsylvania Superior Court has held that "the failure to attach the writings which assertedly establish appellee's right to a judgment … is fatal to the claims set forth in appellee's complaint.  Thus, the preliminary objection of appellants based on failure to produce a cardholder agreement and statement of account, as well as evidence of the assignment, establishes a meritorious defense." *Atlantic Credit and Finance v. Giuliana*, 829 A.2d 340 (Pa. Super. Ct., 2003).

26. By failing to attach writings as required by Pa R.C.P. 1019(i), Defendants have engaged in an "unfair or unconscionable means to collect or attempt to collect any debt" in violation of 15 U.S. Code § 1692f.

27. Under Phila. Civ. R. *1037.1, Defendant's were required to attach an affidavit of non-military service to the State Court Action.

28. Defendants did attach an *unsigned* Affidavit of Non-Military Service.

29. Under the Pa R.C.P., an affidavit is a "statement in writing of a fact or facts signed by the person making it, that either (1) is sworn to or affirmed before an officer authorized by law

4

to administer oaths, or before a particular officer or individual designated by law as one before whom it may be taken, and officially certified to in the case of an officer under seal of office, or (2) is unsworn and contains a statement that it is made subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities." Pa R.C.P. 76, Definitions.

30. By failing to sign the Affidavit of Non-Military Service, Defendants failed to conform to the requirements of the Pa R.C.P.

31. In the Verification attached to the State Court Action, the Defendants stated that "Based on my review of the foregoing records, the balance due at this time is $1810.40." ¶4, Verification. The Verification also contains the statement, "The facts set forth in this Verification are true and correct to the best of my knowledge, information, and belief based on my review of the foregoing records." ¶6, Verification.

32. Where a verification is tendered "not by an officer of Plaintiff, but by an officer of an alleged non-party entity 'on behalf of' Plaintiff, the Complaint could be verified validly … only if verified in conformity with Rule 1024(c)." *JP Morgan Chase Bank, N.A. v. Murray*, 63 A.3d 1258, 1271 (Pa. Super. Ct., 2013).

33. Rule 1024(c) of the Pa Rules of Civil Procedure states, " "the verification shall be made by one or more of the parties filing the pleading unless all the parties (1) lack sufficient knowledge or information, or (2) are outside the jurisdiction of the court and the verification of none of them can be obtained within the time allowed for filing the pleading. In such cases, the verification may be made by any person having sufficient knowledge or information and belief and shall set forth the source of the person's information as to matters not stated upon his or her own knowledge and the reason why the verification is not made by a party."

34. Rule 1024(c) offers pleaders an option between verifying facts either upon (a) "sufficient knowledge or information and belief" or (b) upon "the source of the person's information as to matters not stated upon his own knowledge." Pa. R.C.P. 1024(c).

35. The Verification attached to the State Court Action confuses and conflates both standards, declaring first, "The facts set forth in this Verification are true and correct to the best of my knowledge, information, and belief," and then breathlessly enjambing to that phrase the language, "based on my review of the foregoing records." ¶6, Verification. It utilizes both the

5

"knowledge, information and belief" of the verifier and the "review of the foregoing records" as the basis for the Verification, without distinguishing between the set of facts which are verified by the one standard and the other-- without even bothering to add diacratical marks or punctuation that would allow the court to discriminate or parse the Verification.

36. "The requirement of a verification is not waivable because without it a pleading is mere narration, and amounts to nothing." *Atlantic Credit & Finance, Inc., v. Giuliana*, 829 A.2d 340 (Pa. Super. 2003).

37. By initiating a complaint with a defective Verification, Defendants have engaged in an "unfair or unconscionable means to collect or attempt to collect any debt" in violation of 15 U.S.C. § 1692f.

38. The fact that the Pa R.C.P. offers procedural remedies for defects in pleadings "does not conflict with finding liability or awarding damages under the FDCPA for violations based on a debt collector's failure to comply with" procedural rules. *Simon v. FIA Card Servs., N.A.*, 732 F.3d 259, 279 (3rd Cir., 2013).

39. Upon information and belief, it is the established procedure of Defendant AS to attempt to collect debts without having the required documentation to plead and prove its claim to the alleged debts and *without having the intention* to ever make such proofs.

40. Likewise, upon information and belief, it is the established business plan and established practice of Defendant AS to initiate debt collection lawsuits without having the required documentation to prove its claim and *without ever having the intention* to acquire the documentation required to make such proofs.

41. It is a violation of the FDCPA to misrepresent "the character, amount, or legal status of any debt." 15 U.S.C. § 1692(e)(2)(A). Defendants violated this provision by filing and maintaining a complaint alleging the character, amount, and legal status of the Plaintiff's alleged debt despite having neither knowledge of the same or the intention of taking any reasonable steps in support of these allegations or to substantiate its cause of action.

42. It is a violation of the FDCPA to threaten "to take any action that … is not intended to be taken." 15 U.S.C. § 1692e(5). The Defendants violated this provision by bringing and maintaining the State Court Action without intending to prove the claims asserted in the lawsuit.

43. It is a violation of the FDCPA to use any "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.  The Defendants violated this provision by filing suit with no intention to prove their case but only to use the suit to coerce payment or obtain default judgment.

44. By filing the complaint against Plaintiff, Defendant AS impliedly represented that they were meaningfully involved in the case against Plaintiff.  But upon information and belief, the superficial level of review of Plaintiff's file that was undertaken by Defendant AS is insufficient under the FDCPA to justify that implied representation.

45.  Upon information and belief, Defendant AS files so many lawsuits that it is impossible that they are meaningfully involved in this, or any other, state collection action.

46. When "the attorney who signed the complaint is not involved and familiar with the case against the debtor, then the debtor has been unfairly misled and deceived within the meaning of the FDCPA, 15 U.S.C. § 1692e.16." *Bock v. Pressler & Pressler, LLP* (D.N.J., 2014).

47. By the foregoing acts, Defendants violated the FDCPA.

### V. CAUSE OF ACTION

### COUNT I – FAIR DEBT COLLECTION PRACTICES ACT

48. Paragraphs 1-47 are repeated as if set forth at length herein.

49.  By making Plaintiff's account number publicly available in the electronic dockets of Philadelphia Municipal Court, Defendants infringed upon the Plaintiff's privacy interests protected by the FDCPA, 15 U.S.C. §1692(a).

50. By making Plaintiff's account number publicly available in the electronic dockets of Philadelphia Municipal Court, Defendants used "impermissible language or symbols under § 1692f(8)." *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 306 (3rd Cir., 2014).

51. By failing to attach writings as required by Pa R.C.P. 1019(i), Defendants have engaged in an "unfair or unconscionable means to collect or attempt to collect any debt" in violation of 15 U.S.C. § 1692f.

52. By initiating a complaint with a defective Verification, Defendants have engaged in an "unfair or unconscionable means to collect or attempt to collect any debt" in violation of 15 U.S.C. § 1692f.

53. By bringing and maintaining the State Court Action without intending to prove the claims asserted in the lawsuit, Defendants violated the provision of the FDCPA which proscribes threatening "to take any action that … is not intended to be taken." 15 U.S.C. § 1692e(5).

54. By filing suit with no intention to prove their case but only to use the suit to coerce payment or obtain default judgment, Defendants violated the FDCPA's proscription of any "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

**WHEREFORE**, Plaintiff prays that this Court enter a judgment for Plaintiff against Defendants:

    (a) Awarding damages to Plaintiff as provided under the FDCPA;

    (b) Awarding Plaintiff attorney's fees and costs;

    (c) Declaring the actions of the Defendant are in violation of the FDCPA;

    (d) Granting such other relief as may be deemed just and proper.

## COUNT II – FAIR CREDIT EXTENSION UNIFORMITY ACT

55. Paragraphs 1-41 are repeated as if set forth at length herein.

56. By making Plaintiff's account number publicly available in the electronic dockets of Philadelphia Municipal Court, Defendants infringed upon the Plaintiff's privacy interests protected by the FDCPA, 15 U.S.C. §1692(a).

57. By making Plaintiff's account number publicly available in the electronic dockets of Philadelphia Municipal Court, Defendants used "impermissible language or symbols under § 1692f(8)." *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 306 (3rd Cir., 2014).

58. By failing to attach writings as required by Pa R.C.P. 1019(i), Defendants have engaged in an "unfair or unconscionable means to collect or attempt to collect any debt" in violation of 15 U.S.C. § 1692f.

59. By initiating a complaint with a defective Verification, Defendants have engaged in an "unfair or unconscionable means to collect or attempt to collect any debt" in violation of 15 U.S.C. § 1692f.

60. By bringing and maintaining the State Court Action without intending to prove the claims asserted in the lawsuit, Defendants violated the provision of the FDCPA which proscribes threatening "to take any action that … is not intended to be taken." 15 U.S.C. § 1692e(5).

61.  By filing suit with no intention to prove their case but only to use the suit to coerce payment or obtain default judgment, Defendants violated the FDCPA's proscription of any "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

62.  Plaintiff has suffered ascertainable losses as a result of these deceptive collection practices.

63. Pursuant to section 2270.5(a) of the FCEUA, Defendant's violations of

the FCEUA constitute violations of CPL.

64. Remedies for violations of the FCEUA, per the CPL, include up to three times

actual damages but not less than $100, plus attorneys' fees and costs. 73 P.S. 201-9.2(a).


**WHEREFORE**, Plaintiff prays that this Court enter a judgment for Plaintiff against Defendants:

   (a) $100 or Three times actual damages;
   (b) Attorney's fees and costs;
   (c) Such and further relief as the Court shall deem just and proper;

## VI. DEMAND

Plaintiff demands a trial by jury.

Dated: April 11, 2016

Respectfully submitted,

By: _____

Thomas M. McGlaughin, Jr., Bar ID: PA 317128

**MCGLAUGHLIN LAW GROUP, LLC**

P.O. BOX 259128

PHILADELPHIA PA 19128

(215) 238-1680

10

# EXHIBIT "A"



# PHILADELPHIA MUNICIPAL COURT
## FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
1339 Chestnut Street, 10th Floor, Philadelphia, PA 19107

Marsha H. Neifield, President Judge   Patricia R. McDermott, Deputy Court Administrator

## STATEMENT OF CLAIM

Code: Consumer Purchase - (4)                                SC/CP: # SC-15-03-10-3813

| | |
|---|---|
| CAVALRY SPV I, LLC, AS ASSIGNEE OF CAPITAL ONE BANK (USA), N.A.<br>500 SUMMIT LAKE DR STE 400<br>VALHALLA, NY 10595 | CLAUDINEI G VIEIRA<br>7954 LANGDON ST<br>PHILADELPHIA, PA 19111 |
| *Plaintiff(s)* | *Defendant(s)* |

Service Address (information) if other than above:

*To the Defendant: Plaintiff is seeking a money judgment against the Defendant(s) based on the following claim:*
1.   Plaintiff is CAVALRY SPV I, LLC, AS ASSIGNEE OF CAPITAL ONE BANK (USA), N.A., 500 SUMMIT LAKE DRIVE STE 400, VALHALLA, NY 10595-1340.
2.   Defendant(s) is/are CLAUDINEI G VIEIRA ("Defendant"), an adult individual residing at 7954 LANGDON ST, PHILADELPHIA, PA 19111-2934.
3.   Plaintiff is the Assignee and Successor in Interest of a credit account ("Account").
4.   The Account number ends in 0716.
5.   The Account was issued to Defendant by Capital One Bank (USA), N.A., the original creditor.
6.   Defendant received, accepted and used the account by making purchases, balance transfers, and/or cash advances.
7.   The account is in default due to Defendant's failure to make timely payments.
8.   Although demand has been made, Defendant has failed to make payment of the amount due.
9.   The amount due as of this date is $1,810.40.

## Summons to the Defendant
**You are hereby ordered to appear at a hearing scheduled as follows:**

## Citation al Demandado
**Por la presenta, Usted esta dirljido a presentarse a la siguiente:**

1339 Chestnut Street 6th Floor
Philadelphia, PA 19107
Hearing Room: 5

May 22nd, 2015

01:00 PM

## Amount Claimed

| | | |
|---|---|---|
| Principal | $ | 1810.40 |
| Interest | $ | 0.00 |
| Attorney Fees | $ | 0.00 |
| Other Fees | $ | 0.00 |
| **Subtotal** | $ | 1810.40 |
| Service | $ | 45.00 |
| State Fee | $ | 10.00 |
| Automation Fee | $ | 5.50 |
| Convenience Fee | $ | 5.00 |
| JCS St. Add. Surcharge | $ | 11.25 |
| JCS St. Add. Fee | $ | 2.25 |
| ATJ Fee | $ | 2.00 |
| ATJ Surcharge | $ | 10.00 |
| Court Costs | $ | 22.00 |
| **TOTAL CLAIMED** | $ | 1923.40 |

Date Filed: 03/10/2015

I am an attorney for the plaintiff(s), the plaintiff's authorized representative or have a power of attorney for the plaintiff(s) in this statement of claims action.  I hereby verify that I am authorized to make this verification; that I have sufficient knowledge, information and belief to take this verification or have gained sufficient knowledge, information and belief from communications with the plaintiff or the persons listed below and that the facts set forth are true and correct to the best of my knowledge, information and belief.  I understand that this verification is made subject to the penalties set forth in 18 Pa. C.S. § 4904, which concerns the making of unsworn falsifications to authorities.  If I am an authorized representative or have a power of attorney, I have attached a completed Philadelphia Municipal Court authorized representative form or a completed power of attorney form.

DAVID J APOTHAKER

_____
Signature Plaintiff/Attorney
Atty ID #: 038423

**Address & Phone**  520 FELLOWSHIP ROAD SUITE C-306
MT. LAUREL, NJ 08054
1-800-672-0215

**NOTICE TO THE DEFENDANT, YOU HAVE BEEN SUED IN COURT.**
**PLEASE SEE ATTACHED NOTICES**

**AVISO AL DEMANDADO LE HAN DEMANDADO EN CORTE. VEA POR FAVOR LOS AVISOS ASOCIADOS.**

**If you wish to resolve this matter without appearing in court, please contact the attorney shown above immediately.**

# WHAT TO DO AFTER GETTING A MONEY JUDGMENT

You have been given judgment in the amount of $ _____ plus costs.  The other party has thirty (30) days to appeal from this judgment.

If there is no appeal, and if you have not received payment, you may then have the Sheriff execute on the judgment.  To do so, go to the Judgment and Petitions Unit, 1339 Chestnut Street, Room 1003, Philadelphia, PA 19107 with your copy of the Statement of Claim.  To execute means that you are asking the Sheriff to sell the property or personal goods of the defendant to satisfy your claim.  The cost of execution is a minimum of $84.00.

You must wait until after the thirty (30) day appeal has run before you can execute; i.e., the 31st day.  If the 30th day falls on a Saturday, Sunday, or holiday you must wait an extra working day.  (for example, if the 30th day falls on Sunday, you must wait until Tuesday).

If and when you receive payment of your claim from the defendant, you are required under penalty of law to sign and give to the defendant for filing with the Prothonotary the attached *Order to Satisfy*.  The Judgments and Petitions Unit is located at 1339 Chestnut Street, Room 1003, Philadelphia, PA 19107.

Remember, after the appeal period has expired you may institute execution proceedings to enforce payment of your judgment.  However, you are cautioned that the Sheriff can only levy upon and sell property or personal goods owned by the defendant or defendants in PHILADELPHIA County.  You should make every effort to determine what assets the defendant owns and the exact location of those assets before proceeding with the execution process.

If your judgment arises from a motor vehicle accident and you do not receive payment within 60 days, you may file this judgment with the *Bureau of Traffic Safety* in Harrisburg.  To initiate this procedure you must go to Room 271 City Hall, where you will be assisted in this endeavor.  The cost of this certification is $27.00.

If your judgment is not forthcoming, please refer to the pamphlet Tips on How to Collect Your Money Judgment that you receive in Court.  If necessary, you may contact the *Lawyer Referral & Information Service*, 11th Floor, 1101 Market Street, Philadelphia, PA  19107 (215-238-6333).

**PLEASE BRING THIS FORM WITH YOU WITH YOUR COPY OF THE CLAIM.**



THE MUNICIPAL COURT COMPLIES WITH THE AMERICANS WITH DISABILITIES ACT, WHICH REQUIRES THAT ALL COURT SERVICES AND FACILITIES BE ACCESSIBLE TO PERSONS WITH DISABILITIES ON AN EQUAL BASIS TO THOSE WITHOUT DISABILITIES. IF YOU HAVE A DISABILITY AND REQUIRE REASONABLE ACCOMMODATIONS TO FILE A CLAIM, PARTICIPATE IN MUNICIPAL COURT PROCEEDING, OR USE ANY SERVICE PROVIDED BY THE COURT, PLEASE CALL 215-686-7986. REQUESTS FOR REASONABLE ACCOMMODATIONS MUST BE MADE AT LEAST THREE BUSINESS DAYS BEFORE ANY HEARING, OR WITHIN THREE BUSINESS DAYS AFTER SERVICE (DELIVERY) OF THE NOTICE OF HEARING, WHICHEVER IS LATER.



LA CORTE MUNICIPAL CUMPLE CON EL DECRETO DE AMERICANO INCAPACITADOS (AMERICAN WITH DISABILITIES ACT).  ESTE DECRETO REQUIERE QUE TODOS LOS SERVICIOS Y FACILIDADES DE CORTE SEAN ACCESSIBLE A PERSONAS INCAPACITADAS, AL IGUAL QUE PERSONAS NO INCAPACITADAS.  SE USTED ESTE INCAPACITADO Y NECIESITA ACOMODACIONES RAZONABLES, PARA PODER RADICAR UNA DEMANDA, PARTICIPAR EN ALGUN PROCEDIMIENTO O UTILIZAR SERVICIOS EN LA CORTE MUNICIPAL POR FAVOR LLAME AL TELEFONO 215-686-7986.  PARA SOLICITAR ACOMODACIONES RAZONABLES, DEBE LAMAR POR LOS MENOS TRES DIAS DE TRABAJO ANTES DE SU AUDIENCIA O DENTRO DE TRES DIAS DESPUES DE RECIBIR SU CITA, SEGUN O QUE OCURRA PRIMERO.



# PHILADELPHIA MUNICIPAL COURT
## FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
1339 Chestnut Street, 10th Floor, Philadelphia, PA 19107

Marsha H. Neifield, President Judge        Patricia R. McDermott, Deputy Court Administrator

# SC-15-03-10-3813

| | |
|---|---|
| CAVALRY SPV I, LLC, AS ASSIGNEE OF CAPITAL ONE BANK (USA), N.A. 500 SUMMIT LAKE DR STE 400 VALHALLA, NY 10595 | CLAUDINEI G VIEIRA 7954 LANGDON ST PHILADELPHIA, PA 19111 |
| *Plaintiff* | *Defendant(s)* |

## IMPORTANT NOTICE TO ALL PARTIES



**THE MUNICIPAL COURT COMPLIES WITH THE AMERICANS WITH DISABILITIES ACT WHICH REQUIRES THAT ALL COURT SERVICES AND FACILITIES BE ACCESSIBLE TO PERSONS WITH DISABILITIES ON AN EQUAL BASIS TO THOSE WITHOUT DISABILITIES. IF YOU HAVE A DISABILITY, AND REQUIRE REASONABLE ACCOMMODATIONS TO FILE A CLAIM, PARTICIPATE IN A MUNICIPAL COURT PROCEEDING, OR USE ANY SERVICE PROVIDED BY THE COURT, PLEASE CALL 215-686-7986. REQUESTS FOR REASONABLE ACCOMMODATIONS MUST BE MADE AT LEAST (3) THREE BUSINESS DAYS BEFORE ANY HEARING, OR WITHIN (3) THREE BUSINESS DAYS AFTER SERVICE (DELIVERY) OF THE NOTICE OF THE HEARING, WHICHEVER IS LATER.**

## NOTA IMPORTANTE PARA TODO PERSONAS

**LA CORTE MUNICIPAL CUMPLE CON EL DECRETO DE AMERICANO INCAPACITADOS (AMERICANS WITH DISABILITIES ACT). ESTE DECRETO REQUIRE QUE TODOS LOS SERVICIOS Y FACILIDADES DE CORTE SEAN ACCESIBLE. A PERSONAS INCAPACITADAS, AL IGUAL QUE PERSONAS NO INCAPACITADAS. SE USTED ESTE INCAPACITADO Y NECESITA ACOMODACIONES RAZONABLES, PARA PODER RADICAR UNA DEMANDA, PARTICIPAR EN ALGUN PROCEDIMIENTO O UTILIZAR SERVICIOS EN LA CORTE MUNICIPAL POR FAVOR LLAME AL TELEFONE 215-686-7986. PARA SOLICITAR ACOMODACIONES RAZONABLES, DEBE LAMAR POR LO MENOS TRES DIAS DE TRABJO ANTES DE SU AUDIENCIA O DENTRO DE TRES DIAS DESPUES DE RECIBIR SU CITA, SEGUN O QUE OCURRA PRIMERO.**



# PHILADELPHIA MUNICIPAL COURT
## FIRST JUDICIAL DISTRICT OF PENNSYLVANIA

## WHAT TO DO IF YOU RECEIVE A NOTICE (STATEMENT OF CLAIMS) THAT YOU ARE BEING SUED IN SMALL CLAIMS COURT

1. **Read and understand the Statement of Claim.** You are the **Defendant**; the person, group or corporation suing you is the **Plaintiff**. If after reading the Statement of Claim you feel you are in the right, then:

2. Gather all pertinent documents to present your defense; that is, letters, cancelled checks, bills of sale, letters of notification, account books, and paid bill receipts. Also notify any witnesses you want to speak on your behalf at the hearing.

3. You as an individual are not required to have an attorney represent you. Only corporations and unincorporated associations in cases in excess of $2,500.00 must be represented by an attorney. In cases of $2,500.00 or less, a corporation or unincorporated association may be represented by an officer who has documentation of such status.

4. **PLAN TO ATTEND THE HEARING** to present your defense and any counterclaims (that is, your claim against the plaintiff to offset his/her claim against you). If you have a counterclaim, call 215-686-7987 for further information. **In most cases, if the defendant does not appear, the judge will decide in favor of the person who is suing.** That is called a Default Judgment. (Check the Statement of Claim for location, date, and time for the hearing).

5. **Notice to Defend –** If your copy of the complaint has a Notice to Defend form attached to it, and you plan to attend the hearing and present your defense, you should do the following: (1) fill out both copies of the form and put one in the attached self-addressed and stamped envelope and mail it; and (2) bring the other copy with you when you attend the hearing. If you fail to do the above and attend your hearing, your case may be continued. If you comply with the above and the plaintiff fails to appear at the hearing, a judgment shall be entered in your favor.

6. If you admit the claim and want to settle as soon as possible, notify the plaintiff immediately. If you admit the claim but need time to pay the money owed, you must appear in person on the day set for the hearing, state to the Court that you need time to pay, and your reasons.

**IF THERE IS ANYTHING ON THE STATEMENT OF CLAIM THAT YOU DO NOT UNDERSTAND, FEEL FREE TO NOTIFY THE SMALL CLAIMS COURT OFFICE, 1339 CHESTNUT STREET, ROOM 1000, PHILADELPHIA, PA 19107.**
**If you have a disability and require assistance in order to participate in a Municipal Court proceeding, please contact us at 215-686-7986.**

## AT THE HEARING

The courtroom procedure is simple and informal. You should appear in Court in the designated room on the time and date specified. Bring the copy of the complaint with you plus all documents for your defense. Be certain to check carefully the courtroom to which your case is assigned and go to the proper room. The proceedings begin with a roll call of cases to be heard during that session.

As each case is called, the parties involved step forward and are sworn in. At this point, plaintiff and defendant merely tell their stories in plain language to the Judge. After hearing both sides, the Judge will make a decision.

When you state your case:
      Give the facts clearly. Present pertinent documents and witnesses. Stay calm, do not get excited.
**IF YOU WIN** (the judgment or final order is in your favor), the plaintiff has 30 days to appeal.
**IF YOU LOSE**

1. You can appeal within 30 days by filing a Notice of Appeal in Room 280 City Hall, a copy of which must be filed **immediately** in Court Administration, 1339 Chestnut Street, Room 1020, Philadelphia, PA 19107. Be prepared to get a lawyer at this point, however, because the case will go to the Court of Common Pleas with more stringent rules to be followed. **OR 2.** You must satisfy the judgment, that is, do as the judge ordered within 30 days.

## AFTER THE HEARING

**TO SATISFY THE JUDGMENT**
1. The plaintiff must sign and give you an ORDER TO SATISFY, which you must file with the Prothonotary within thirty days after the payment. This ORDER is a document to prove that he/she has been paid and it is necessary to remove the judgment from record. You should retain a copy for your records.

IF YOU DO NOT APPEAL AND REFUSE TO PAY THE JUDGMENT WITHIN 30 DAYS

1. The plaintiff may execute on the judgment. This means that the plaintiff takes action through the Sheriff's Office. The sheriff may put a levy on your property, which means he can list your personal belongings to be sold at auction at a Sheriff's Sale in order to pay off the judgment. If the plaintiff resorts to this, you will have to pay the Sheriff's costs along with the other monies owed. You will be advised that your goods may be sold if you do not satisfy the plaintiff within 15 days.

2. The plaintiff can also try to collect from your bank account.

**\*\*\*\*\*\*\*\*\*\*\*\***
## REMEMBER

- Read and understand the STATEMENT OF CLAIM.
- You do not need a lawyer in Municipal Court – unless you are a Corporation or Unincorporated Association, and your case is for more than $2,500.00. **ATTEND THE HEARING** to avoid a default judgment – and to tell your side of the story.
- If you lose, you can appeal to the Court of Common Pleas within 30 days.
- Small Claims Court begins promptly at the time specified on the front of this complaint. Be certain to allow yourself sufficient time to arrive at Court on time.
- If you have any questions, call or visit the Small Claims Court Office.

Small Claims Court
A Division of Municipal Court
1339 Chestnut Street, Room 1000
Philadelphia, PA 19107
Monday through Friday
(215)686-7987    (215)686-7988



# PHILADELPHIA MUNICIPAL COURT
## FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
1339 Chestnut Street, 10th Floor, Philadelphia, PA 19107

Marsha H. Neifield, President Judge   Patricia R. McDermott, Deputy Court Administrator

# SC-15-03-10-3813

| | |
|---|---|
| CAVALRY SPV I, LLC, AS ASSIGNEE OF CAPITAL ONE BANK (USA), N.A. 500 SUMMIT LAKE DR STE 400 VALHALLA, NY 10595 | CLAUDINEI G VIEIRA 7954 LANGDON ST PHILADELPHIA, PA 19111 |
| *Plaintiff* | *Defendant(s)* |

# AFFIDAVIT OF NON-MILITARY SERVICE

The undersigned, being duly sworn according to law, deposes and says that he/she (is) (represents) the Plaintiff(s) in the above entitled case; that he/she is authorized to make this affidavit on behalf of the plaintiff(s); and that, to the best of his/her knowledge, the defendant(s) is/are not in the Military Service of The United States, nor any State or Territory thereof or its allies as defined in the Soldiers' and the Sailors' Civil Relief Act of 1940 and the amendments thereto.

I am an attorney for the plaintiff(s), the plaintiff's authorized representative or have a power of attorney for the plaintiff(s) in this statement of claims action. I hereby verify that I am authorized to make this verification; that I have sufficient knowledge, information and belief to take this verification or have gained sufficient knowledge, information and belief from communications with the plaintiff or the persons listed below and that the facts set forth are true and correct to the best of my knowledge, information and belief. I understand that this verification is made subject to the penalties set forth in 18 Pa. C.S. § 4904, which concerns the making of unsworn falsifications to authorities. If I am an authorized representative or have a power of attorney, I have attached a completed Philadelphia Municipal Court authorized representative form or a completed power of attorney form.

_____
Signature – Plaintiff/Attorney

I hereby acknowledge receipt of the following affidavit forms, which I understand must be properly completed, notarized and presented to the Court at the Hearing:

☐ Medical Affidavit

☐ Repair Affidavit

☐ Affidavit of Service By Mail

_____
Signature – Plaintiff/Attorney

9-01/16/02



# PHILADELPHIA MUNICIPAL COURT
## FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
1339 Chestnut Street, 10th Floor, Philadelphia, PA 19107

Marsha H. Neifield, President Judge   Patricia R. McDermott, Deputy Court Administrator

| Court Room | 5 | at | 01:00 PM | on | 05/22/2015 |

\# SC-15-03-10-3813

| | |
|---|---|
| CAVALRY SPV I, LLC, AS ASSIGNEE OF CAPITAL ONE BANK (USA), N.A. <br> 500 SUMMIT LAKE DR STE 400 <br> VALHALLA, NY 10595 | CLAUDINEI G VIEIRA <br> 7954 LANGDON ST <br> PHILADELPHIA, PA 19111 |
| *Plaintiff* | *Defendant(s)* |

**Defendant #:** 1918661

## <u>NOTICE TO DEFEND</u>

You have been sued in Philadelphia Municipal Court. If you intend to enter a defense

to this Statement of Claim or Counterclaim you must:

     1. Sign the notice where indicated below, and
     2. Return in the self-addressed and stamped envelope provided.

If you fail to return this notice, and you appear in Court at the time and date specified in this Notice, your case may be given a new hearing date.

If you fail to appear in Court for your hearing, a judgment will be entered against you by default.

On        I, the undersigned Party, will appear at the hearing in the above to defend my case.

I, the undersigned Party, hereby verify that I am authorized to make this verification and that the facts set forth above are true and correct to the best of my knowledge, information, and belief. I understand that this verification is made subject to the penalties set forth in 18 Pa. C.S. § 4904, which concerns the making of unsworn falsifications to authorities.

_____       _____
Signature of Party                          Telephone Number

*Return in the self-addressed and stamped envelope provided*

74-07/01/01



10003-1960138-10-eD

391376

## VERIFICATION

I, *Eileen Gonzalez* _____ , hereby verify that:

1.      I am an authorized agent of CAVALRY SPV I, LLC, AS ASSIGNEE OF
CAPITAL ONE BANK (USA), N.A. with full authority to make this Verification on behalf of
CAVALRY SPV I, LLC, AS ASSIGNEE OF CAPITAL ONE BANK (USA), N.A..
CAVALRY SPV I, LLC, AS ASSIGNEE OF CAPITAL ONE BANK (USA), N.A. is the
successor in interest to Capital One Bank (USA), N.A..

2.      For Account # ending in 0716 I reviewed the following:

☒   Computerized Records

☐   Hard Copy Documents; and

☐   Other _____

3.      The foregoing account was opened on <u>05/21/2011</u> in the name of CLAUDINEI G
VIEIRA.  In connection with the purchase of the account, Capital One Bank (USA), N.A.
transferred copies of its electronic business records to Plaintiff, which records were loaded into
the computer system of Plaintiff and which are maintained in an electronic format. I reviewed
the aforementioned electronic business records.

4.      Based on my review of the foregoing records, the balance due at this time is
$1810.40.

5.      Based on my review of the foregoing records, there are no payments that have
not been credited.

6.      The facts set forth in this Verification are true and correct to the best of
my knowledge, information and belief based on my review of the foregoing records.  This
Verification is made subject to the penalties for making an unsworn falsification to authorities
in violation of 18 Pa. C.S. § 4904.

DATE: 1|26|15
PAMUNI



## PHILADELPHIA MUNICIPAL COURT
### FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
1339 Chestnut Street, 10th Floor, Philadelphia, PA 19107
Marsha H. Neifield, President Judge  Patricia R. McDermott, Deputy Court Administrator

**A4**

**#   SC-15-03-10-3813**

| Petitioner/Plaintiff:<br>CAVALRY SPV I, LLC, AS ASSIGNEE OF CAPITAL ONE BANK (USA), N.A.<br>500 SUMMIT LAKE DR STE 400<br>VALHALLA, NY 10595 | **Hearing Date:**<br>05/22/2015 |
|---|---|
| Respondent/Defendant:       Defendant #:  1918661<br>CLAUDINEI G VIEIRA<br>7954 LANGDON ST<br>PHILADELPHIA, PA 19111 | **Courtroom/Time:**<br>5 01:00 PM |

**Notice of Intent to Defend:** Yes - DAVID J APOTHAKER

## AFFIDAVIT OF SERVICE

1) I served  Claudinei Vieira  on 3/30/15, at 7:40 .M.

2) Location of Service Address  7954 Langdon Street

☒ at home       ☐ place of business       ☐ other

3)      (fill in one box)
☐ Defendant personally served.
☒ Adult family member with whom said Defendant(s) reside(s).
☐ Adult in charge of Defendant(s) residence.
☐ Adult in charge of Defendant(s) residence who refuses to give name or relationship.
☐ Manager/Clerk of Place of Lodging in Which Defendant(s) Reside(s).
☐ Agent or person in charge of Defendant(s) office or usual place of business.
☒ Other  GPS  108921

Name _____  Title/Relationship  Personally

Age 50  Height 5'10  Weight 180  Race W  Sex M

## AFFIDAVIT OF NO SERVICE

| | | | | | |
|---|---|---|---|---|---|
| 1) ___/___/___, at _____, __.M. ☐Moved | ☐ Unknown | ☐No Answer | ☐Vacant | ☐ Other |
| 2) ___/___/___, at _____, __.M. ☐Moved | ☐ Unknown | ☐No Answer | ☐Vacant | ☐ Other |
| 3) ___/___/___, at _____, __.M. ☐Moved | ☐ Unknown | ☐No Answer | ☐Vacant | ☐ Other |

If Other _____
(Explanation)
I VERIFY that: 1) I am a competent adult over the age of eighteen, 2) I am not a party to this action, or an employee of a
party in the action, and 3) that all of the statements made herein are true and correct and I acknowledge that I am
subject to the penalties of 18 PA C.S. §4904 relating to Unsworn Falsification to Authorities.

_Carole A. Acanzello_                    Print or Type:
**Signature of Server**

Name of Server: _____
FOR SURE LEGAL SERVICES
Address: _____ HOLLAND, PA 18966
Phone Number: (267) 249-2170

56-10/05/01



# EXHIBIT "B"

## Case Docket View : SC-15-03-10-3813

**Parties**

## Complaint claim

| | | | |
|---|---|---|---|
| **CAVALRY SPV I, LLC, AS ASSIGNEE OF CAPITAL ONE BANK (USA), N.A.** | *Plaintiff* | **CLAUDINEI G VIEIRA** | *Defendant #1* |
| | 500 SUMMIT LAKE DR STE 400 VALHALLA, NY 10595 | Disposed | 7954 LANGDON ST PHILADELPHIA, PA 19111 |
| **DAVID J APOTHAKER** | | | |

**Docket Entries**

| # | Filing Date | Description | Results / Comments | Parties Involved | |
|---|---|---|---|---|---|
| 1 | 03/10/2015 | Statement of Claims | Hearing Scheduled: 05/22/2015 01:00 PM Hearing Room 5 Fee: $113.00 Amount at Issue: $1,810.40 Interviewer Code: 18 | **DAVID APOTHAKER** | Filer |
| | | | | CAVALRY SPV I, LLC, AS ASSIGNEE OF CAPITAL ONE BANK (USA), N.A. | P |
| | | | | CLAUDINEI G VIEIRA | D14S |
| 2 | 03/10/2015 | Plaintiff Instructions SC | Plaintiff Instructions | **DAVID APOTHAKER** | Filer |
| | | | | CAVALRY SPV I, LLC, AS ASSIGNEE OF CAPITAL ONE BANK (USA), N.A. | P |
| | | | | CLAUDINEI G VIEIRA | D1 |
| 3 | 03/10/2015 | ADA - ADA Notice | ADA | **DAVID APOTHAKER** | Filer |
| | | | | CAVALRY SPV I, LLC, AS ASSIGNEE OF CAPITAL ONE BANK (USA), N.A. | P |
| | | | | CLAUDINEI G VIEIRA | D1 |
| 4 | 03/10/2015 | SC What To Do | Instructions | **DAVID APOTHAKER** | Filer |
| | | | | CAVALRY SPV I, LLC, AS ASSIGNEE OF CAPITAL ONE BANK (USA), N.A. | P |
| | | | | CLAUDINEI G VIEIRA | D1 |
| 5 | 03/10/2015 | Non-Military Affidavit | Non-Military Affidavit - CLAUDINEI G VIEIRA | **DAVID APOTHAKER** | Filer |
| | | | | CAVALRY SPV I, LLC, AS ASSIGNEE OF CAPITAL ONE BANK (USA), N.A. | P |

|   | | | | VIEIRA | D1 |
|---|---|---|---|---|---|
| 6 | 03/10/2015 | SC Notice to Defend | Notice to Defend - CLAUDINEI G VIEIRA | **DAVID APOTHAKER** | Filer |
| | | | | CAVALRY SPV I, LLC, AS ASSIGNEE OF CAPITAL ONE BANK (USA), N.A. | P |
| | | | | CLAUDINEI G VIEIRA | D1 |
| 7 | 03/10/2015 | Exhibit | 876-stmt | **DAVID APOTHAKER** | Filer |
| | | | | CAVALRY SPV I, LLC, AS ASSIGNEE OF CAPITAL ONE BANK (USA), N.A. | P |
| | | | | CLAUDINEI G VIEIRA | D1 |
| 8 | 04/09/2015 | Affidavit of Service | Service made for: CLAUDINEI G VIEIRA | **CMS User** | Filer |
| | | | | CLAUDINEI G VIEIRA | D1 |
| 9 | 04/27/2015 | Disposition - Settled, Discontinued and Ended | | **DAVID APOTHAKER** | Filer |
| | | | | CAVALRY SPV I, LLC, AS ASSIGNEE OF CAPITAL ONE BANK (USA), N.A. | P |
| | | | | CLAUDINEI G VIEIRA | D1 |